In re Alvin Ross WILKERSON, Sr., Danita Renee Wilkerson, Debtors.

No. 04–35156.

United States Bankruptcy Court, S.D. Ohio, Western Division, at Dayton.

Aug. 2, 2011.

Christopher P. Kennedy, Cleveland, OH, for Ameriquest Mortgage Co.

Buchalter, Nemer, Fields & Younger, Attn. Adam J. Bass and Jeffrey K. Garfinkle, Irvine, CA, Scott G. Stout, Dayton, OH, for the Chapter 13 Trustee.

John Paul Rieser, Dayton, OH, Chapter 7 Trustee.

**Decision Denying Motion for Payment of Unclaimed Funds**

GUY R. HUMPHREY, Bankruptcy Judge.

On July 7, 2011, the debtors, Alvin Ross Wilkerson and Danita Renee Wilkerson (the "Debtors"), filed a *Motion for Payment of Unclaimed Funds* (Doc. 92). The motion seeks payment in the amount of $4,538.69 that is held in the United States Treasury as unclaimed funds. Ameriquest Mortgage Corporation (the "Creditor") is listed as the claimant on the unclaimed funds register. For the reasons explained, the motion is denied.

## Background

On June 16, 2004 the Debtors filed a petition under Chapter 13 of Title 11 of the United States Code (doc. 1). The Debtors' plan (doc. 5), which was confirmed (doc. 17), proposed paying the mortgage loan upon their residence, listed as held by "Ameriquest Mortgage," by paying the regular monthly payment and curing arrearages over the term of the plan.[1]

On March 9, 2006 the Debtors filed a notice of conversion to Chapter 7 (doc. 59). The meeting of creditors was held by the Chapter 7 Trustee on April 20, 2006 and on April 24, 2006 the Chapter 7 Trustee docketed a report of no distribution. The Chapter 7 Trustee abandoned any interest in the Debtors' residence (doc. 73 & 74) and the Creditor was granted relief from stay (doc. 76).

On May 31, 2006 the Chapter 13 Trustee filed his final report for the converted Chapter 13 (doc. 79). On July 6, 2006 the Chapter 13 Trustee filed a *Report of Unclaimed Funds* (doc. 82). The report indicated, as required by Bankruptcy Rule 3011, that Ameriquest Mortgage Company had unclaimed funds in the amount of $4,538.69, its last known address, and that such funds were to be paid to the Clerk of the Bankruptcy Court. The four checks intended to pay the funds to the Creditor were issued by the Chapter 13 Trustee prior to the conversion (doc. 83).

Almost 5 years later, the Debtors filed a motion requesting the release of the unclaimed funds to them (doc. 85). The court denied the motion, without prejudice, noting, among other things, the lack of legal authority cited for such a motion. On July 7, 2011 the Debtors renewed the motion with a memorandum in support (doc. 92). No response to the motion was filed and the court took the matter under advisement.

## Analysis

Section 347(a) of the Bankruptcy Code[2] provides that "[n]inety days after the final distribution under section 726, 1226, or 1326 of this title in a case under chapter 7, 12, or 13 of this title, as the case may be, the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28...." Such funds are "deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court." 28 U.S.C. § 2041. After five years, which has now passed, such funds are "deposited in the Treasury in the name and to the credit of the United States." 28 U.S.C. § 2042. The funds cannot be withdrawn except upon petition of the claimant, notice to the United States Attorney, "full proof of the right" to the funds, and upon order of the court. *Id.*

Section 1326 addresses the disposition of funds in Chapter 13 cases other than unclaimed funds. Prior to confirmation, plan payments, except for certain pre-confirmation adequate protection payments, are retained by the Chapter 13 Trustee. 11

---

1. The Debtors have stated Ameriquest Mortgage is now defunct. Regardless, this opinion does not address who is entitled to the funds. The court only finds that these funds cannot be claimed by the Debtors. Therefore, the court declines to express an opinion on *In re Percolla*, 2008 WL 1969584, at *3–4 (Bankr. E.D.Cal. May 6, 2008), which found a purported mortgage creditor may not be the rightful owner of funds because its application for unclaimed funds did not show it was still owed funds. That court's statement that the debtors could be the proper parties to the funds is dicta in an unreported decision and does not affect this court's analysis.

2. Unless otherwise noted, all statutory references are to the Bankruptcy Code of 1978, as amended, 11 U.S.C. §§ 101–1532.

U.S.C. § 1326(a). Following confirmation, payments are to be distributed "as soon as practicable." 11 U.S.C. § 1326(a)(2). If a plan is not confirmed, the funds, subject to exceptions not relevant to this decision, are to be returned to the debtor. *Id.*[3]

Section 347 addresses the disposition of unclaimed property in bankruptcy cases. Subsection (a) requires the Chapter 13 Trustee to stop payment on any outstanding checks as of ninety days following the final distribution and provides that any "remaining property of the estate" shall be paid into the court. Section 1306 defines property of the estate in Chapter 13 cases as being all property of the estate as defined in § 541 plus post-petition earnings of the debtor received by the debtor prior to any conversion, dismissal, or closing of the case. Upon conversion to Chapter 7, an estate, absent bad faith, no longer includes post-petition assets. 11 U.S.C. § 348(f).

In this case, the Chapter 13 Trustee was not distributing funds in the converted Chapter 7 estate, but completing his statutory obligation to address funds related to unpaid checks from the Chapter 13 estate. The funds represented by the unpaid checks sent to the Creditor were property of the Chapter 13 estate, but never became property of the Chapter 7 estate. Sections 348(f)(1)(A) and (2) provide that, absent bad faith, property of the estate in a Chapter 7 estate converted from Chapter 13 is

limited to pre-petition assets "in the possession of or is under the control of the debtor on the date of conversion." 11 U.S.C. § 348(f)(1)(A) and (2). The funds, having been sent by the Chapter 13 Trustee to the Creditor in the form of checks, were no longer in the control or possession of the Debtors at the time of conversion and, therefore, were not property of the Chapter 7 estate.[4] The checks in question were to be paid from property of the Chapter 13 estate. Upon the conversion of this case to Chapter 7, the Chapter 13 Trustee's filing (Doc. 82) reported that he forwarded the funds represented by checks "remaining unpaid" to the Clerk of the court. *See also* Doc. 83 (Trustee's Final Account).

■ The Debtors' argument for return of the funds premised upon § 348(f) is misplaced. That argument would require the Chapter 13 Trustee to return all funds to debtors on returned checks despite the quite specific and contrary language of § 347(a) to wait 90 days from the final distribution and forward such funds to the Clerk as unclaimed property. For the reasons discussed, it is correct that such funds, as post-petition earnings, could not have been part of the Chapter 7 estate. However, the funds constituting the returned checks were property of the Chapter 13 estate when they were sent to the Creditor prior to the conversion and, being unpaid at the time of the conversion, were to be distributed to the Clerk following 90

---

**3.** *In re Tesca,* 2000 WL 35485099 (Bankr. N.D.Ohio Nov. 28, 2000), cited by the Debtors, addressed a conflict between § 349(b)(3), which revests property with the debtor in a Chapter 13 dismissed prior to confirmation, and the language of § 1326(a)(2), which allows for administrative expenses under § 503(b) to be deducted. *Tesca* does not address § 347(a) and, therefore, is not applicable to the issue addressed in this decision and does not change this court's analysis.

**4.** In the Dayton location of the Bankruptcy Court for the Southern District of Ohio, con-

firmation orders do not revest property with the debtor upon confirmation. Rather, the Chapter 13 confirmation orders in Dayton retain such property as property of the estate until "dismissal, discharge, or conversion." *See* 11 U.S.C. § 1327(a) (all property of the estate vests in the debtor at confirmation unless the plan or order confirming the plan provides otherwise) and Doc. 17 (Order Confirming Chapter 13 Plan, ¶¶ 5 & 6, entered September 30, 2004).

days after the "final distribution." 11 U.S.C. § 347(a). Stated differently, those funds were earmarked as payments to the Creditor and therefore could not have been under the control or possession of the Debtors at the time of conversion and, therefore, were not to be returned to the Debtors.[5]

■ Finally, the Debtors' invitation to the court to apply § 105 to authorize the release of the funds to them must be denied. Section 105 cannot be used to expand this court's equitable authority beyond the confines of the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir.2000). This court finds that § 347 addresses the disposition of the unclaimed funds and, therefore, the court cannot use general equitable principles under the guise of § 105 to alter the result dictated by the Bankruptcy Code.

### Conclusion

For all these reasons, the Debtors' motion for payment of unclaimed funds (doc. 92) is denied.

**IT IS SO ORDERED.**

---

**5.** The Debtors cite to *In re Parker,* 400 B.R. 55 (Bankr.E.D.Pa.2009), but that case does not support the Debtors' position. First, it involves a dismissed case and therefore addresses § 349, and not § 348. Second, the case only addressed the "narrow question ... [of] the effect of dismissal upon funds paid to the chapter 13 trustee prior to confirmation and then retained by the trustee after confirmation because a secured creditor has not accepted them." *Id.* at 61. Third, the decision ruled on a different issue, against the debtor's request for the unclaimed funds, by finding that funds being held by the trustee for creditors prior to confirmation vest with the creditors upon confirmation. *Id.* at 62. Fourth, the Debtors focus on dicta that "the general provision of section 349(b)(3) may govern postconfirmation payments held by a chapter 13 trustee upon dismissal." *Id.* To the extent that statement has any application to this case, the court reiterates that postpetition funds in a Chapter 13, allocated to a specific Chapter 13 plan payment to a creditor through a returned check prior to conversion, are properly unclaimed funds pursuant to § 347(a).